UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
SAMUEL FRATTO III and JAMES :
JOHANNEMANN, as Trustees of I.B.E.W. :
LOCAL 363 PENSION FUND, WELFARE :
FUND, MONEY PURCHASE PENSION :
FUND, VACATION AND PAID HOLIDAY :
FUND, SUPPLEMENTAL :
UNEMPLOYMENT BENEFIT FUND, :
LABOR MANAGEMENT COOPERATIVE :
FUND, and JOINT APPRENTICE TRAINING :
FUND; and GILBERT HEIM, as President of :   **MEMORANDUM OPINION**
the INTERNATIONAL BROTHERHOOD OF :   **AND ORDER**
ELECTRICAL WORKERS, LOCAL UNION :
NO. 363, :   15 CV 7966 (VB)
               Plaintiffs, :
  :
v. :
  :
D. WILSON ELECTRIC, INC.; LAROSSA :
ELECTRIC, INC.; JOSEPH WILSON; :
STEPHEN STARZYK, JR.; and JOSEPH M. :
LAROSSA, :
               Defendants. :
--------------------------------------------------------------x

By letter motion[1] dated January 28, 2016, defendants Larossa Electric, Inc. ("Larossa Electric"), Joseph Wilson, and Joseph M. Larossa move to stay this action as to all defendants because defendant D. Wilson Electric, Inc. ("Wilson Electric") has filed for bankruptcy. (Doc. #34).

For the following reasons, defendants' motion is DENIED.

The Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1367.

---

[1] Although filed as a letter, defendants' submission seeks relief that can be sought by letter motion. See Electronic Case Filing Rules & Instructions 13.1. Accordingly, the Court construes this submission as a letter motion to stay this action.

1

## BACKGROUND

This case arises out of defendants' alleged failure to comply with the Labor Management Relations Act of 1947 ("LMRA"), the Employee Retirement Income Security Act of 1974 ("ERISA"), and a collective bargaining agreement with the International Brotherhood of Electrical Workers, Local Union No. 363.

In essence, plaintiffs allege defendants, three individuals and two electrical contracting companies, have operated as a single entity or as alter egos, funneling work through Larossa Electric to avoid meeting Wilson Electric's pension and benefit fund contribution obligations under a collective bargaining agreement. For this reason, plaintiffs contend, each defendant should be jointly and severally liable for the neglected obligations of all others.

Though defendants deny these allegations, all parties agree Joseph Wilson and Stephen Starzyk, Jr., own and operate Wilson Electric, and Joseph M. Larossa owns and operates Larossa Electric.

Defendant Wilson Electric filed for bankruptcy on January 22, 2016. (Doc. #34). This triggered an automatic stay of the claims against it in this case.[2] See 11 U.S.C. § 362(a). Now, Wilson, Larossa, and Larossa Electric contend this stay applies to them because the claims against these three defendants "are inextricably intertwined with and centered on identical operative facts and allegations asserted against D. Wilson Electric and cannot be severed." (Doc. #34).

---

[2] Defendant Stephen Starzyk, Jr., has also declared bankruptcy, and all claims are stayed as to him as well. (Doc. #6).

## DISCUSSION

The filing of a bankruptcy petition triggers a stay that applies to, among other things, the "continuation . . . of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before [the bankruptcy case]." 11 U.S.C. § 362(a)(1). As a general rule, however, a debtor's bankruptcy petition does not stay claims against non-debtor co-defendants unless the claims "will have an immediate adverse economic consequence for the debtor's estate." Queenie, Ltd. v. Nygard Int'l, 321 F.3d 282, 287 (2d Cir. 2003).

A claim against a non-debtor has an immediate adverse economic consequence for a debtor's estate if, for example, the debtor is the sole owner of the non-debtor against whom the claim is brought; the debtor is a guarantor for the non-debtor's obligation to pay the claim; the claim is against the debtor's insurer; or "there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant." Queenie, Ltd. v. Nygard Int'l, 321 F.3d at 287-88 (quoting A.H. Robins Co. v. Piccinin, 788 F.2d 994, 999 (4th Cir. 1986)).

None of these examples apply here. Wilson Electric, a corporation, obviously does not own Joseph Larossa or Joseph Wilson, and nobody claims Wilson Electric owns Larossa Electric. A judgment against any of the non-debtor defendants would not diminish or create a financial obligation for Wilson Electric's bankruptcy estate. Nor is Wilson Electric the real party defendant for any of the non-debtor defendants under plaintiffs' alter ego theory. See Cocoletzi v. Fat Sal's Pizza Corp., 2015 WL 4655164, at *4-5 (S.D.N.Y. Aug. 5, 2015) (declining to extend the bankruptcy stay to cover claims against non-debtor defendants alleged to be an alter ego of the debtor). Therefore, a judgment against Joseph Larossa, Larossa Electric, or Joseph

Wilson would not have an immediate adverse economic consequence for the debtor, Wilson Electric.

Staying this action entirely would be inappropriate for another reason. A stay under § 362(a) does not extend to non-debtor co-defendants who are "joint tortfeasors" or where "the non-debtor's liability rests upon his own breach of duty." Variable-Parameter Fixture Dev. Corp. v. Morpheus Lights, Inc., 945 F. Supp. 603, 608 (S.D.N.Y. 1996) (quoting A.H. Robins Co. v. Piccinin, 788 F.2d at 999). Here, plaintiffs claim defendants are jointly and severally liable because each defendant acted wrongfully. Therefore, the stay does not apply to the non-debtor defendants.

Defendants' arguments to the contrary are not persuasive.

First, defendants argue a stay is warranted because the claims are "inextricably intertwined." (Doc. #34). Whether they are or not, that is not the standard for deciding whether the stay applies to non-debtor defendants, and defendants cite no case law or other authority to the contrary.

Second, defendants argue "severance is not appropriate" because plaintiffs "are only in privity of contract with D. Wilson Electric and lack standing in [their] claims against the other named Defendants." (Doc. #34 (citing Crossland Fed. Savings Bank v. A. Suna & Co., Inc., 935 F. Supp. 184 (E.D.N.Y. 1995)). It is unclear how this argument addresses the applicability of the bankruptcy stay, and in any event, Crossland does not stand for that proposition. To the extent defendants seek to dismiss part of this action based on plaintiffs' alleged lack of standing, a letter motion is not the appropriate mechanism to do so.

## CONCLUSION

Defendants' motion for a stay is DENIED. All discovery deadlines remain in effect. (See Doc. #28).

Dated: February 5, 2016
      White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge